## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

LIBERTY PATENTS, LLC,

        Plaintiff,

    v.

LENOVO GROUP LTD.,
LENOVO (SHANGHAI) ELECTRONICS
TECHNOLOGY CO., LTD.,
LENOVO INFORMATION PRODUCTS
(SHENZHEN) CO. LTD.,
LCFC (HEFEI) ELECTRONICS
TECHNOLOGY CO., LTD.,
COMPAL ELECTRONICS, INC., AND
COMPAL INFORMATION TECHNOLOGY
(KUNSHAN) CO. LTD.

        Defendants.

Civil Action No. 2:20-cv-00314-JRG

## DEFENDANTS LENOVO GROUP LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO., LTD., LENOVO INFORMATION PRODUCTS (SHENZHEN) CO. LTD., AND LCFC (HEFEI) ELECTRONICS TECHNOLOGY CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND <u>INSUFFICIENT SERVICE OF PROCESS</u>

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ iv

I.  INTRODUCTION ..................................................................................1

II.  STATEMENT OF THE ISSUES ...........................................................2

III.  BACKGROUND ....................................................................................3

 A.  Plaintiff's Conclusory Jurisdictional Allegations ....................3

 B.  Lenovo Group is a Holding Company and Has No Involvement with Lenovo Products Anywhere in the World ..............................3

 C.  Lenovo (Shanghai) Sells Products Exclusively in China and Was Not the Manufacturer of Accused Products Imported or Sold in the United States ............4

 D.  LCFC and Lenovo (Shenzhen) Lack Any Contacts with Texas and Do Not Purposefully Direct Any Conduct Towards Texas .................5

 E.  Non-Party Lenovo U.S. is Solely Responsible for the Importation, Sale, and Marketing of Lenovo Products in the United States .........6

 F.  The Litigation History Between Plaintiff, Its Counsel, and the Lenovo Defendants .................7

IV.  THIS COURT LACKS PERSONAL JURISDICTION OVER THE LENOVO DEFENDANTS ...............8

 A.  Legal Standard ..........................................................................8

 B.  The Lenovo Defendants Are Not Subject to General Jurisdiction .......11

 C.  The Lenovo Defendants Are Not Subject to Specific Jurisdiction ......13

  1.  The Complaint Lacks Any Factual Allegations that Liberty's Claims Arise Out of Any Activities Purposefully Directed at the U.S. or Texas .........14

   (a)  Lenovo Group Has No Involvement with Lenovo Products and Must be Dismissed ................15

   (b)  Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC Have No Involvement with Lenovo Products in the United States and Must be Dismissed ................17

   (c)  Lenovo U.S. Operates Independently and Cannot Provide a Basis for Personal Jurisdiction Over the Lenovo Defendants ................19

  2.  Specific Jurisdiction Does Not Exist Under the Stream-of-Commerce Theory ................21

(a)   Lenovo Group Does Not Place Any Lenovo Products Into the Stream of Commerce ...............................................................21

(b)   Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC Are Also Not Subject to Specific Jurisdiction Under a Stream of Commerce Theory .......................................................................23

(c)   The Lenovo Defendants' Affiliation With Lenovo U.S. Is Insufficient to Give Rise to Specific Jurisdiction Under a Stream of Commerce Theory........................................................25

3.    The Assertion of Personal Jurisdiction Would Be Neither Reasonable Nor Fair ...............................................................26

V.    THE COURT SHOULD DISMISS LIBERTY'S COMPLAINT AS TO LENOVO (SHANGHAI) AND LCFC FOR LACK OF PROPER SERVICE ................29

VI.   CONCLUSION.................................................................................................30

**TABLE OF EXHIBITS**

| Exhibit | Abbreviation | Description |
|---|---|---|
| A | Mok Dec. | Declaration of Eric Mok |
| B | Zhu Dec. | Declaration of Xiaojun Zhu |
| C | Ou Dec. | Declaration of Annie Ou |
| D | Liu Dec. | Declaration of Bonnie Liu |
| E | Noble Dec. | Declaration of Sean Noble |
| F | Benson Dec. | Declaration of Robert Benson |
| 1 | Ex. 1 of Benson Dec. | Liberty Patents LLC's certificate of formation, filed with the Texas Secretary of State on December 22, 2019 |
| 2 | Ex. 2 of Benson Dec. | Texas State Bar online listing for Jon Rowan |
| 3 | Ex. 3 of Benson Dec. | American Patents LLC's publicly filed 2019 Texas Franchise Tax Public Information Report |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998)................................................................16

*3G Licensing, S.A. v. Lenovo Grp. Ltd.*,
  No. 17-cv-00084, 2019 WL 3974539 (D. Del. Aug. 22, 2019)................................22

*Acceleron, LLC v. Egenera, Inc.*,
  634 F. Supp. 2d 758 (E.D. Tex. 2009)................................................................12

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012)................................................................14

*Al Rushaid v. Nat'l Oilwell Varco, Inc.*,
  757 F.3d 416 (5th Cir. 2014) ................................................................16

*Asahi Metal Indus. Co. v. Super. Ct.*,
  480 U.S. 102 (1987)................................................................21, 22, 23

*Auto Wax Co. v. Kasei Kogyo Co.*,
  No. A 00-531 SS, 2001 WL 1891719 (W.D. Tex. Sept. 26, 2001) ................................24

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
  No. 16-cv-01417-JRG, 2018 WL 7140299 (E.D. Tex. Nov. 29, 2018) ................................16, 17

*Blue Spike, LLC v. Texas Instruments, Inc.*,
  No. 12-cv-00499, 2014 WL 11829323 (E.D. Tex. Mar. 31, 2014) ................................14, 18

*Bluestone Innovations Texas, L.L.C. v. Formosa Epitaxy Inc.*,
  822 F. Supp. 2d 657 (E.D. Tex. 2011)................................................................13

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
  447 F.3d 411 (5th Cir. 2006) ................................................................19

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)................................................................14

*Celgard, LLC v. SK Innovation Co.*,
  792 F.3d 1373 (Fed. Cir. 2015)................................................................20

*Centre One v. Vonage Holdings Corp.*,
  No. 08-cv-00467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009)................................8, 9

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ................................................................................11, 12

*F & G Research, Inc. v. Dynapoint (Taiwan), Inc.,*
    262 F. App'x 277 (Fed. Cir. 2008) ...................................................................10

*Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.,*
    No. 2:15-cv-2049-JRG, 2016 WL 6917272 (E.D. Tex. Sept. 1, 2016) ..................................20

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.,*
    No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ...............................24

*Freudensprung v. Offshore Tech. Servs., Inc.,*
    379 F.3d 327 (5th Cir. 2004) ...................................................................14

*Garnet Digital, LLC v. Apple, Inc.,*
    893 F. Supp. 2d 814 (E.D. Tex. 2012) ........................................................14, 18

*Good Sportsman Mktg. LLC v. Li & Fung Ltd.,*
    No. 07-cv-00395, 2010 WL 11531174 (E.D. Tex. May 12, 2010) ........................................26

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ...............................................................................21

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.,*
    85 F.3d 201 (5th Cir. 1996) ...................................................................19

*Hanson v. Denckla,*
    357 U.S. 235 (1958) ...................................................................9, 10, 20

*Hargrave v. Fibreboard Corp.,*
    710 F.2d 1154 (5th Cir. 1983) ...................................................................20

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ...............................................................................11

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.,*
    62 F. App'x 322 (Fed. Cir. 2003) ...................................................................10

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ...................................................................9, 10

*J. McIntyre Mach., Ltd. v. Nicastro,*
    564 U.S. 873 (2011) ...............................................................................21, 22

*Johnston v. Multidata Sys. Int'l Corp.,*
    523 F.3d 602 (5th Cir. 2008) ...................................................................9

v

*Med. Sols., Inc. v. C Change Surgical LLC,*
      541 F.3d 1136 (Fed. Cir. 2008)........................................................................9

*Merial Ltd. v. Cipla Ltd.,*
      681 F.3d 1283 (Fed. Cir. 2012)......................................................................10

*In re Microsoft Corp.,*
      630 F.3d 1361 (Fed. Cir. 2011)......................................................................29

*Moncrief Oil Int'l Inc. v. OAO Gazprom,*
      481 F.3d 309 (5th Cir. 2007) .........................................................................18

*Motion Games, LLC v. Nintendo Co.,*
      No. 6:12-cv-878-JDL, 2014 WL 5306961 (E.D. Tex. Oct. 16, 2014)...................27

*Nespresso USA, Inc. v. Ethical Coffee Co. S.A.,*
      263 F. Supp. 3d 498 (D. Del. 2017).............................................................22, 25

*Nuance Commc'ns, Inc. v. Abbyy Software House,*
      626 F.3d 1222 (Fed. Cir. 2010)........................................................................9

*Panda Brandywine Corp. v. Potomac Elec. Power Co.,*
      253 F.3d 865 (5th Cir. 2001) ...........................................................................8

*Pieczenik v. Dyax Corp.,*
      265 F.3d 1329 (Fed. Cir. 2001)........................................................................9

*Polar Electro Oy v. Suunto Oy,*
      829 F.3d 1343 (Fed. Cir. 2016)......................................................................21

*Princeton Digital Image Corp. v. Facebook, Inc.,*
      No. 11-cv-00400-JRG, 2012 WL 3647182 (E.D. Tex. Aug. 23, 2012) ...........12, 13

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
      148 F.3d 1355 (Fed. Cir. 1998)......................................................................11

*Revell v. Lidov,*
      317 F.3d 467 (5th Cir. 2002) .........................................................................14

*Salter v. Upjohn Co.,*
      593 F.2d 649 (5th Cir. 1979) ....................................................................27, 28

*Silicon Labs., Inc. v. Cresta Tech. Corp.,*
      No. A-14-CA-318-SS, 2014 WL 3530817 (W.D. Tex. July 14, 2014)............23, 24

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico,*
      563 F.3d 1285 (Fed. Cir. 2009)..................................................................10, 11

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)............................................................................28

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009).............................................................11

*United States v. Bestfoods*,
    524 U.S. 51 (1998)..........................................................................20, 21

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
    No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018)................................22, 26

*Viam Corp. v. Iowa Export-Import Trading Co.*,
    84 F.3d 424 (Fed. Cir. 1996)..................................................................27

*Walden v. Fiore*,
    571 U.S. 277 (2014)........................................................................14, 18

*World Tanker Carriers Corp. v. MV Ya Mawlaya*,
    99 F.3d 717 (5th Cir. 1996) ..................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..............................................................................9

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)..............................................................28

**Rules**

Fed. R. Civ. P. 4(k)(2)....................................................................3, 8, 10, 11

Fed. R. Civ. P. 12(b)(2)......................................................................2, 8, 30

Fed. R. Civ. P. 12(b)(5).........................................................................2, 30

**Other Authorities**

*Am. Patents, LLC v. MediaTek, Inc.*,
    No. 18-cv-00339, Dkt. No. 113 (W.D. Tex. May 30, 2019) .........................................7, 28, 29

*E-Contact Techs., LLC v. Acer Am. Corp.*,
    No. 12-cv-00352, Dkt. No. 1 (E.D. Tex. July 13, 2012) ...........................................8

*Guardian Media Techs., Ltd. v. Acer Am. Corp.*,
    No. 10-cv-00597, Dkt. No. 1 (E.D. Tex. Nov. 10, 2010) ...........................................8

*Lenovo (U.S.) Inc. v. Liberty Patents, LLC*,
    No. 5:21-cv-8, Dkt. No. 1 (E.D.N.C. Jan. 4, 2021) ...............................................6

*Motiva Patents, LLC v. Microsoft Corp.*,
  No. 9:19-CV-194, Dkt. No. 3 (E.D. Tex. Oct. 28, 2019) ........................................................8

*Nonend Inventions, NV v. Lenovo (US) Inc.*,
  No. 15-cv-00610, Dkt. No. 1 (E.D. Tex. May 1, 2015)............................................................8

*TriOptima v. Quantile Techs. Ltd.*,
  No. 2:19-cv-00390-JRG, Dkt. No. 149 (E.D. Tex. Nov. 30, 2020)..................................11, 18

*X-Mobile Technologies LLC v. Lenovo Grp., Ltd.*,
  No. 4:17-cv-700, Dkt. No. 4 (E.D. Tex. Oct. 5, 2017) ........................................................7, 8

## I.      INTRODUCTION

Plaintiff Liberty Patents, LLC ("Liberty") has tried to create venue in this forum by only naming foreign entities as defendants, but this Court lacks personal jurisdiction over those entities.  Lenovo Group Ltd. is a mere holding company in China that is not involved in the manufacturing, importation, selling, or distribution of Lenovo products, anywhere in the world. Lenovo (Shanghai) Electronics Technology Co., Ltd. manufactured Lenovo products in China before 2019, but it has only sold products within China and has no knowledge of any accused products being imported into the United States that it previously made and sold in China.  The other two Lenovo Defendants—Lenovo Information Products (Shenzhen) Co. Ltd., and LCFC (Hefei) Electronics Technology Co., Ltd.—manufacture Lenovo products in China, but they sell those products exclusively to entities in China that are not parties to this litigation.  Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC have no discretion or control over whether the products they sell in China are later imported or sold in the United States.  None of the Lenovo Defendants engage in any business activities in the United States or have any employees, assets, or offices in the United States.  None of the Lenovo Defendants purposefully direct any activities to Texas or have any connections with Texas.  Accordingly, this Court lacks personal jurisdiction over the Lenovo Defendants and the claims against them should be dismissed.

Liberty filed its Complaint solely against foreign entities without any connection with this forum in an admitted effort to circumvent *TC Heartland.*  Non-party Lenovo (United States), Inc. ("Lenovo U.S.") is solely responsible for all importation, marketing, sales, and other activities relating to Lenovo products in the United States.  However, Liberty could not join Lenovo U.S. to this action because venue would be improper.  Lenovo U.S. is headquartered in North Carolina and has no regular and established place of business in this District.  As the Lenovo entity solely responsible for activities in the United States involving Lenovo products,

Lenovo U.S. has filed a declaratory judgment action against Liberty in the Eastern District of North Carolina, where this suit *should* have been brought.  Liberty should sue the proper entities, in the proper forum, rather than trying to create venue in this Court by suing foreign entities over which this Court has no personal jurisdiction.

Additionally, the Complaint should also be dismissed against Lenovo (Shanghai) and LCFC due to failure to effectuate proper service under the Hague Convention.  Accordingly, this Court should dismiss the Complaint as to all Lenovo Defendants, with prejudice, for lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5).

## II.    STATEMENT OF THE ISSUES

The issues before this Court are whether the Court may exercise personal jurisdiction in this suit for patent infringement over (1) Lenovo Group, a holding company that does not manufacture, sell, market, offer for sale, export, import, or otherwise distribute any Lenovo products, anywhere in the world; (2) Lenovo (Shanghai), which used to manufacture Lenovo products, but has only sold products within China, lacks any control over any subsequent distribution of those products outside of China by non-parties, and has no knowledge of manufacturing any accused products that were later imported or sold in the United States; and (3) Lenovo (Shenzhen) and LCFC, foreign manufacturers that manufacture and sell Lenovo products to non-party entities solely within China, and who lack any discretion or control over whether the products are subsequently imported or sold in the United States. None of the Lenovo Defendants have any employees, assets or business activities either in Texas or the United States.

The remaining issue before the Court is whether it should dismiss the Complaint against Lenovo (Shanghai) and LCFC based on Liberty's failure to effectuate proper service under the Hague Convention, as required for defendants residing in China.

## III.    BACKGROUND

### A.    Plaintiff's Conclusory Jurisdictional Allegations

Plaintiff acknowledges in the Complaint that the Lenovo Defendants are foreign companies with their principal places of businesses outside the United States.  Compl. ¶¶ 2-9. The Complaint does not address personal jurisdiction as to *any* specific defendant.  Instead, the Complaint lumps all of the Lenovo Defendants together for all of the jurisdictional allegations, which fails to support personal jurisdiction over any single defendant:

> This Court has personal jurisdiction over the Lenovo Defendants pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Lenovo has done and continues to do business in Texas; (ii) Lenovo has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein; and (iii) Lenovo regularly places its products within the stream of commerce—directly, through subsidiaries, or through third parties—with the expectation and knowledge that such products, such as laptop and notebook computers, will be shipped to, sold, or used in Texas and elsewhere in the United States. Accordingly, Lenovo has established minimum contacts within Texas and purposefully availed itself of the benefits of Texas, and the exercise of personal jurisdiction over Lenovo would not offend traditional notions of fair play and substantial justice. In addition, or in the alternative, this Court has personal jurisdiction over Lenovo pursuant to Federal Rule of Civil Procedure 4(k)(2).

Compl. ¶ 26; *see id.* at ¶¶ 10-12.

### B.    Lenovo Group is a Holding Company and Has No Involvement with Lenovo Products Anywhere in the World

Lenovo Group Ltd. is a holding company incorporated in Hong Kong, with its principal place of business in Hong Kong.  Declaration of Eric Mok ¶¶ 4-5.  As a foreign holding company, Lenovo Group serves as a direct and indirect parent company for its subsidiaries, but does not itself manufacture, sell, offer for sale, export, import, or otherwise distribute *any* Lenovo products, *anywhere in the world,* and has done so since at least January 1, 2014.

*Id*. ¶¶ 4-5, 8.  Lenovo Group has not placed any Lenovo products into the stream of commerce, nor distributed any Lenovo product through established distribution channels.  *Id.* ¶ 8.

Since it is merely a holding company, Lenovo Group lacks any operations in the United States and does not offer services to customers in the United States.  *Id*. ¶¶ 8-12. Similarly, Lenovo Group is neither registered to do business nor does it have any presence in Texas or elsewhere in the United States.  *Id*. ¶¶ 9, 12.  Lenovo Group does not have any bank accounts, real property, personal property, telephone listing, leased office space or equipment, or any other assets in Texas or anywhere else in the United States.  *Id*. ¶ 9.

### C.      Lenovo (Shanghai) Sells Products Exclusively in China and Was Not the Manufacturer of Accused Products Imported or Sold in the United States

Lenovo (Shanghai) Electronics Technology Co. Ltd. is a Chinese corporation with its principal place of business in Shanghai.  Declaration of Xiaojun Zhu ¶ 4.   Lenovo (Shanghai) manufactured certain Lenovo products in China prior to 2019, but it was not the manufacturer of any of the accused products identified in the Complaint that were later imported or sold in the United States.  *Id.* ¶ 5.  Lenovo (Shanghai) currently sells certain Lenovo products exclusively in China and has never sold any Lenovo products to the United States.  *Id.* ¶ 6.  Lenovo (Shanghai) does not market or sell any products outside of China and has no control over the distribution of Lenovo products outside of China by non-parties.  *Id.*  Lenovo (Shanghai) is not aware of having made and sold any of the identified accused products within China and those products subsequently being imported or sold in the United States.  *Id.* ¶¶ 5-6.

Lenovo (Shanghai) lacks any operations in the United States and does not offer services to customers in the United States.  *Id.* ¶¶ 7-12.  Lenovo (Shanghai) is neither registered to do business nor does it have any presence in Texas or elsewhere in the United States.  *Id.* ¶¶ 9, 12. Lenovo (Shanghai) does not have any bank accounts, real property, personal property, telephone

listing or any other assets in Texas or anywhere else in the United States, nor does it lease any office space or equipment in Texas or anywhere else in the United States.  *Id.* ¶¶ 9, 12.

**D.    <u>LCFC and Lenovo (Shenzhen) Lack Any Contacts with Texas and Do Not Purposefully Direct Any Conduct Towards Texas</u>**

Lenovo Information Products (Shenzhen) Co. Ltd. is a Chinese corporation with its principal place of business in Shenzhen.  Declaration of Annie Ou ¶ 4.  Lenovo (Shenzhen) manufactures Lenovo products and it sells all the products it manufactures to Lenovo PC HK, a Hong Kong company and non-party.  *Id.* ¶ 5.  With regard to Lenovo products, Lenovo (Shenzhen) has no customers other than Lenovo PC HK.  *Id.*  Lenovo (Shenzhen) has no discretion regarding the Lenovo products that it manufactures or Lenovo PC HK's subsequent distribution of those products.  *Id.*

LCFC (Hefei) Electronics Technology Co., Ltd. is a Chinese corporation with its principal place of business in China that also manufactures Lenovo products.  Declaration of Bonnie Liu ¶¶ 4-5.  LCFC sells all the products it manufactures to LC Future Center Limited, a Hong Kong company and non-party.  *Id.* ¶ 5.  LC Future Center Limited directs LCFC which Lenovo products to manufacture and then purchases those products from LCFC.  *Id.*  LCFC does not market or sell the Lenovo products it manufactures outside of China and has no control over the distribution of Lenovo products outside of China. *Id.*  LCFC has no discretion over whether any Lenovo products it manufactures are sold in the United States.  *Id.*

Neither Lenovo (Shenzhen) nor LCFC operate in the United States or offer services to customers in the United States.  Ou Dec. ¶ 8, Liu Dec. ¶ 9.  Similarly, neither Lenovo (Shenzhen) nor LCFC are registered to do business in Texas nor do they have any presence in Texas or elsewhere in the United States.  Ou Dec. ¶ 8, Liu Dec. ¶ 9.  Lenovo (Shenzhen) and LCFC do not have any bank accounts, real property, personal property, telephone listing or any

other assets in Texas or anywhere else in the United States, nor do they lease any office space or equipment in Texas or anywhere else in the United States.  Ou Dec. ¶ 8, Liu Dec. ¶ 9.

Since Lenovo (Shenzhen) and LCFC only sell the Lenovo products they manufacture to non-parties in China, neither defendant manufactures, sells, or offers for sale any Lenovo products in Texas or anywhere else in the United States or serve as importer of record for any Lenovo products sold in the United States, and neither has engaged in any of the foregoing activities since at least January 1, 2014.  Ou Dec. ¶ 9, Liu Dec. ¶ 10.  Neither defendant engages in any sales, advertising or marketing efforts targeting Texas or anywhere else in the United States, nor have they engaged in any end-user support in Texas or elsewhere in the United States. Ou Dec. ¶¶ 9-10, Liu Dec. ¶¶ 10-11.

### E.  Non-Party Lenovo U.S. is Solely Responsible for the Importation, Sale, and Marketing of Lenovo Products in the United States

Lenovo U.S.—a non-party Delaware corporation with its principal place of business in Morrisville, North Carolina—is the *sole* Lenovo entity responsible for all U.S. activities related to Lenovo products.  Declaration of Sean Noble ¶ 6.  Lenovo U.S. is solely responsible for importing, pricing, marketing, and selling Lenovo products in the United States—including the accused products—and is the only entity to do so.  *Id.*  Lenovo U.S. is a wholly owned subsidiary of non-party Lenovo Holding Company, Inc., and is an independent legal and operating entity. *Id.* ¶ 7.  Accordingly, Lenovo U.S. has filed a Complaint against Liberty in the Eastern District of North Carolina, seeking a declaratory judgment that the accused products do not infringe any of the patents asserted in this litigation.  *Lenovo (U.S.) Inc. v. Liberty Patents, LLC*, No. 5:21-cv-8, Dkt. No. 1 (E.D.N.C. Jan. 4, 2021).

The Lenovo Defendants have no involvement in the business activities and decisions of Lenovo U.S. pertaining to the sale, offer for sale, marketing, use, or importation in the United

States of any Lenovo products, and Lenovo U.S. does not need the approval of any of the
Lenovo Defendants with respect to those business activities.  Mok Dec. ¶ 6, Zhu Dec. ¶ 7, Ou
Dec. ¶ 6, Liu Dec. ¶ 6.  The Lenovo Defendants have no overlapping employees with Lenovo
U.S, and indeed have no employees in Texas or anywhere else in the United States.  Mok Dec. ¶
7, Zhu Dec. ¶ 8, Ou Dec. ¶ 7, Liu Dec. ¶ 7.  None of the Lenovo Defendants have any
distribution, sales or marketing agreements with Lenovo U.S.  Mok Dec. ¶ 6, Zhu Dec. ¶ 7, Ou
Dec. ¶ 6, Liu Dec. ¶ 6.

> **F.**     **The Litigation History Between Plaintiff, Its Counsel, and the Lenovo Defendants**

Plaintiff Liberty Patents, LLC is a Texas LLC formed in December of 2019.  Declaration
of Robert Benson ¶ 2, Ex. 1.  Texas Secretary of State filings identify Jon Rowan as Liberty
Patents' "manager."  *Id.*  Mr. Rowan is a Texas resident and attorney with the Rowan Law Firm,
PC.  Benson Dec. ¶ 3, Ex. 2.  In addition to being Liberty's manager, Mr. Rowan is the principal
behind American Patents LLC, a Texas LLC that previously sued Lenovo Group and Lenovo
(Shanghai) in the Western District of Texas.  Benson Dec. ¶ 4, Ex. 3; *Am. Patents, LLC v.
MediaTek, Inc.*, No. 18-cv-00339, Dkt. No. 113 (W.D. Tex. May 30, 2019).  Mr. Rowan, his law
firm, Liberty Patents, and American Patents are all associated with the same Tyler, Texas
address.  Benson Dec. ¶¶ 2-4, Exs. 1-3.

Plaintiff's counsel, Antonelli, Harrington & Thompson LLP (the "Antonelli Firm"), also
represented American Patents and other Texas LLCs (e.g., X-Mobile Technologies) in recent
lawsuits against Lenovo Group and Lenovo (Shanghai) filed in either this District or the Western
District of Texas.  *See, e.g.*, *Am. Patents, LLC v. MediaTek, Inc.*, No. 18-cv-00339 (W.D. Tex.);
*X-Mobile Technologies LLC v. Lenovo Grp., Ltd.*, No. 4:17-cv-700, Dkt. No. 4 (E.D. Tex. Oct. 5,
2017); *Motiva Patents, LLC v. Microsoft Corp.*, No. 9:19-CV-194, Dkt. No. 3 (E.D. Tex. Oct.

28, 2019).  Notably, in these recent suits (including the instant action)—which were filed *after TC Heartland*—the Antonelli Firm ***did not*** name Lenovo U.S. as a defendant.  By contrast, the Antonelli Firm ***did*** name Lenovo U.S. in several patent infringement lawsuits that it filed in this District prior to *TC Heartland*.  *See, e.g.*, *Nonend Inventions, NV v. Lenovo (US) Inc.*, No. 15-cv-00610, Dkt. No. 1 (E.D. Tex. May 1, 2015); *E-Contact Techs., LLC v. Acer Am. Corp.*, No. 12-cv-00352, Dkt. No. 1 (E.D. Tex. July 13, 2012); *Guardian Media Techs., Ltd. v. Acer Am. Corp.*, No. 10-cv-00597, Dkt. No. 1 (E.D. Tex. Nov. 10, 2010).

## IV.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE LENOVO DEFENDANTS

Liberty's claims should be dismissed because this Court lacks personal jurisdiction over the Lenovo Defendants.  As foreign entities lacking the requisite minimum contacts with Texas or the United States, the Lenovo Defendants are subject to neither general nor specific personal jurisdiction, including under the stream-of-commerce theory.  Additionally, Fed. R. Civ. P. 4(k)(2) does not grant this Court personal jurisdiction over the Lenovo Defendants.  The three manufacturing entities—LCFC, Lenovo (Shenzhen) and Lenovo (Shanghai)—consent to specific jurisdiction in North Carolina for the purposes of Liberty's allegations based on their affiliate Lenovo U.S.'s extensive activities with respect to the accused products in that forum.  Lenovo U.S. has filed a declaratory judgment action against Liberty in the Eastern District of North Carolina, and the Lenovo manufacturing entities can be joined as parties to that action.  Rule 4(k)(2) does not provide a basis for personal jurisdiction over Lenovo Group Ltd., as it is a holding company that indisputably lacks sufficient contacts with the United States as a whole.

### A.   Legal Standard

In response to a Rule 12(b)(2) motion challenging personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *See Centre One v. Vonage*

*Holdings Corp.*, No. 08-cv-00467, 2009 WL 2461003, at *2 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)).  In assessing personal jurisdiction, this Court need not credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The law of the Federal Circuit applies to determine whether a district court may exercise personal jurisdiction over an out-of-state accused infringer.  *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  "A district court has personal jurisdiction over the defendant in a patent infringement case if two things are true.  First, jurisdiction must exist under the forum state's long-arm statute.  Second, the assertion of personal jurisdiction must be consistent with the limitations of the due process clause."  *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008) (internal citations omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Federal due process requires that a defendant have "minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe*, 326 U.S. at 316.  A defendant has minimum contacts with a forum state when the defendant "purposefully avails itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Exercise of personal jurisdiction over a defendant without such minimum contacts is unlawful. *Int'l Shoe*, 326 U.S. at 316; *F & G Research, Inc. v. Dynapoint (Taiwan), Inc.*, 262 F. App'x 277, 278-79 (Fed. Cir. 2008) (non-precedential) (affirming the district court's grant of Taiwanese defendant's motion to dismiss where defendant had "no contacts" with the forum). "Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 336 (Fed. Cir. 2003).

Additionally, Federal Rule 4(k)(2) permits a federal court to exercise personal jurisdiction over a defendant that has sufficient contacts with the United States as a whole, satisfying Constitutional due process concerns, but is not subject to jurisdiction in any single state, where the claim arises under federal law. Fed. R. Civ. P. 4(k)(2). The rule fills the gap where no federal court in any state would otherwise have jurisdiction. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012); *see also World Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 721-22 (5th Cir. 1996). In effect, Rule 4(k)(2) "approximates a federal long-arm statute" where the "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements." *Id.* "The third requirement under Rule 4(k)(2)—the due process analysis—contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). Rule 4(k)(2)'s due process analysis incorporates the same constitutional standard applicable in other personal jurisdiction contexts. *See id.* at 1296–97.

As a threshold matter, Rule 4(k)(2) has no applicability to LCFC, Lenovo (Shanghai) and Lenovo (Shenzhen), the only Lenovo Defendants who have any business activities at all regarding Lenovo products.  Though LCFC, Lenovo (Shanghai) and Lenovo (Shenzhen) are not subject to personal jurisdiction in this forum, they identify the U.S. District Court for the Eastern District of North Carolina as a forum in which they consent to personal jurisdiction for the purposes of this action, given the centrality of Lenovo U.S. to the claims at issue in this litigation, and they can be joined as parties to the declaratory judgment action already filed by Lenovo U.S. in that forum.  *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414-15 (Fed. Cir. 2009) ("[T]he purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to avoid the application of the rule only when it designates a suitable forum in which the plaintiff could have brought suit."); *TriOptima v. Quantile Techs. Ltd.*, No. 2:19-cv-00390-JRG, Dkt. No. 149 at p. 10 (E.D. Tex. Nov. 30, 2020) (holding that Rule 4(k)(2) did not apply where the defendant recognized that it is subject to personal jurisdiction in another state).  As for Lenovo Group, because Liberty alleges jurisdiction pursuant to Rule 4(k)(2), Compl. ¶ 26, and Lenovo Group is clearly not subject to personal jurisdiction in any state in the United States, its contacts are assessed based on its contacts with the United States as a whole.

### B.      The Lenovo Defendants Are Not Subject to General Jurisdiction

Plaintiff does not allege—nor could it—that the Lenovo Defendants are subject to general jurisdiction, either in Texas or elsewhere in the United States.  General jurisdiction exists where a non-resident defendant's forum contacts are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  Random, fortuitous, or attenuated contacts fail to establish general jurisdiction.  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998).  Since the standard for general jurisdiction is that a "corporation's affiliations with the State are so continuous and

systematic as to render it ***essentially at home in the forum state***," *Daimler AG v. Bauman*, 571

U.S. 117, 138-39 (2014) (emphasis added), the "paradigm all-purpose forums" for general

jurisdiction over a corporation are its place of incorporation and principle place of business.  *Id.*

The Lenovo Defendants are "at home" in China, not in Texas or anywhere else in the

United States.  Plaintiff has not pled any facts (nor could it) demonstrating that the Lenovo

Defendants have substantial, continuous, and systematic contacts with Texas or anywhere else in

the United States.  Rather, the allegations in the Complaint admit that the Lenovo Defendants are

foreign companies with their principal places of businesses in China.  Compl. ¶¶ 2-9; *see also*

Mok Dec. ¶ 4, Zhu Dec. ¶ 4, Ou Dec. ¶ 4, Liu Dec. ¶ 4. Nor do the Lenovo Defendants meet any

other indicia of substantial, continuous, and systematic contacts.  The Lenovo Defendants lack

employees in the U.S.; have no bank accounts, real property, personal property, telephone listing

or any other assets in the U.S.; and do not lease any office space or equipment in the U.S.  Mok

Dec. ¶¶ 7, 9, Zhu Dec. ¶ 8-9, Ou Dec. ¶¶ 7-8, Liu Dec. ¶¶ 7, 9.  The Lenovo Defendants also do

not engage in any sales, advertising, or marketing of any products in the United States—Lenovo

Group makes no sales of any products anywhere in the world, while Lenovo (Shanghai), Lenovo

(Shenzhen) and LCFC only make sales within China.  Mok Dec. ¶ 8, Zhu Dec. ¶ 6, 10-11, Ou

Dec. ¶¶ 5, 9, Liu Dec. ¶¶ 5, 10.  *See Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 769

(E.D. Tex. 2009) (finding no general or specific jurisdiction over defendant that "has no business

relationships in Texas and has never appointed an agent for service of process in Texas" and "has

never made, used, imported, sold, or offered to sell any of the accused products in Texas").

The facts relating to Lenovo Group—a foreign holding company—are similar to those in

*Princeton Digital Image Corp. v. Facebook, Inc.*, No. 11-cv-00400-JRG, 2012 WL 3647182

(E.D. Tex. Aug. 23, 2012) (Gilstrap, J.), which this Court found to be insufficient to establish

either general or specific jurisdiction.  In *Princeton*, this Court held that Getty Images was not subject to the Court's general jurisdiction because "Getty Images is ***merely a holding company*** that has never done any business in Texas, never had any offices or employees in Texas, and has never paid taxes in Texas."  *Id.* at *2-3 (emphasis added).  Notably, Getty Images was a U.S. company that had an operating subsidiary with minimum contacts in Texas, unlike the present case.  This Court's reasoning in *Princeton Digital* applies with equal force to Lenovo Group.

Nor does the fact that Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC sell Lenovo products to another entity in *China* establish substantial, continuous, and systematic contacts with *Texas*.  This Court similarly concluded that it could not exercise general personal jurisdiction over a foreign defendant in *Bluestone Innovations Texas, L.L.C. v. Formosa Epitaxy Inc.*, 822 F. Supp. 2d 657 (E.D. Tex. 2011).  The plaintiff in *Bluestone* argued that ForEpi, a Taiwanese company, was subject to general jurisdiction in Texas because it manufactured parts that were incorporated into LG and Samsung products, and therefore "claim[ed] a large customer base throughout the United States," because "both LG and Samsung sell consumer products throughout the United States and specifically within the Eastern District of Texas."  *Id.* at 661.  Rejecting plaintiff's argument, this Court noted that regardless of whether ForEpi's foreign-sold products were resold in the United States, plaintiff failed to establish that the defendant "regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in Texas."  *See id*. at 662.  Accordingly, this Court lacks general jurisdiction over any of the Lenovo Defendants.

**C.**      **The Lenovo Defendants Are Not Subject to Specific Jurisdiction**

Absent a finding of general jurisdiction, specific jurisdiction exists in a patent case only if the facts demonstrate sufficient minimum contacts under the following three-part test: "(1) whether the defendant purposefully directs activities at the forum's residents; (2)

whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair."  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012).  None of the three prongs for specific jurisdiction have been met as to any of the Lenovo Defendants.

### 1.  The Complaint Lacks Any Factual Allegations that Liberty's Claims Arise Out of Any Activities Purposefully Directed at the U.S. or Texas

When a litigation arises from allegations that infringing products were used within the forum or sold to residents of the forum, the plaintiff must prove that the accused contacts were the result of *defendant's* own activities, not the activities of third parties.  *Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."); *Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 816 (E.D. Tex. 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions.").  "Suffering harm in Texas is insufficient to establish specific jurisdiction."  *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 12-cv-00499, 2014 WL 11829323, at *2 (E.D. Tex. Mar. 31, 2014) (citing *Revell v. Lidov*, 317 F.3d 467, 473 n.41 (5th Cir. 2002)).  The specific jurisdiction inquiry rests on "the relationship between the defendant, the forum, and the litigation." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)); *see also Walden*, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

There are no factual allegations in the Complaint establishing that any of the Lenovo Defendants have purposely directed any activities at Texas, let alone that Plaintiff's claims arise out of any such activities.  Plaintiff's allegations concerning specific jurisdiction are

entirely conclusory, alleging only that "Lenovo" engages in certain activities, namely that: "(i) Lenovo has done and continues to do business in Texas," "(ii) Lenovo … mak[es], us[es], offer[s] to sell, and/or sell[s] accused products in Texas, and/or import[s] accused products into Texas …"; and "(iii) Lenovo regularly places its products within the stream of commerce … ."  Compl., ¶ 26.  Such allegations are deficient and lack any *factual* basis.

The evidence similarly demonstrates the lack of any activity of the Lenovo Defendants directed to this forum.  None of the Lenovo Defendants (1) manufacture, sell, or offer for sale any Lenovo products in Texas or anywhere else in the United States (2) act as the importer of record for any Lenovo products sold in the United States, or (3) engage in any sales, advertising or marketing efforts targeting Texas or anywhere else in the United States. Mok Dec. ¶¶ 10-11, Zhu Dec. ¶ 10, Ou Dec. ¶ 9, Liu Dec. ¶ 10.  Any such activities performed in the United States are all performed by Lenovo U.S.  Noble Dec. ¶ 6.  Moreover, while Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC manufacture and sell products in China, they have no discretion or control over whether those products are later imported or sold in the United States (let alone in Texas) by third parties.  Zhu Dec. ¶6, Ou Dec. ¶ 5, Liu Dec. ¶ 5.

### (a)   Lenovo Group Has No Involvement with Lenovo Products and Must be Dismissed

As a holding company, Lenovo Group has no involvement with Lenovo products, as it does not itself manufacture, sell, offer for sale, export, import, or otherwise distribute any Lenovo products, anywhere in the world.  Mok Dec. ¶ 8.  The Complaint alleges that "Lenovo Group Limited—through its subsidiaries—manufactures and sells personal computers and handheld devices worldwide."  Compl. ¶ 3.  But Plaintiff has not shown (nor can it) that the contacts of a Lenovo affiliate, such as Lenovo U.S., should be imputed to

Lenovo Group.  The "corporate form is not to be lightly cast aside."  *B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 16-cv-01417-JRG, 2018 WL 7140299, *3 (E.D. Tex. Nov. 29, 2018) ("*B/E Aerospace*"), *adopted by* 2019 WL 354883 (E.D. Tex. Jan 28, 2019) (Gilstrap, J.) (citing *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380-81 (Fed. Cir. 1998)).[1]

In *B/E Aerospace*, this Court granted a motion to dismiss for lack of personal jurisdiction because plaintiff failed to show that the defendant French holding company "directed activities to the forum state that relate to [plaintiff's] patent infringement claims, and because there is insufficient evidence to impute the [defendant's] subsidiaries' activities to the holding companies."  2018 WL 7140299, at *3.  Plaintiff's attempts to impute the contacts of the Texas subsidiary to the French parent—which included contentions regarding the corporate structure, a shared global website and LinkedIn profiles referring to the parent entity—were unavailing.  *Id.* at *3-4.  In finding a lack of specific jurisdiction, the Court noted the plaintiff's failure to: (1) establish that the French holding company "directed activities related to [the plaintiff's] infringement claims to the forum" and (2) advance evidence "sufficient to disregard the corporate form."  *Id.* at *4 ("Indeed, if the Court were to ignore corporate form in this case, there would rarely be a case in which corporate form would be respected.").

As in *B/E Aerospace,* Lenovo Group does not "make or sell anything, much less the allegedly infringing [products].  Other than ownership, there is no credible evidence that the holding companies are involved in the allegedly infringing conduct."  2018 WL 7140299, at *5.  Since Lenovo Group is not engaged in ***any*** activities regarding Lenovo products,

_____

[1] *See also Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 423 n.25 (5th Cir. 2014) ("Because limited liability holds such an esteemed place in our jurisprudence, courts have cautioned not to dispense with it lightly and that a corporation's identity should be disregarded

including the accused products, it both lacks any activities directed to the United States or to

Texas <u>and</u> there is no basis for arguing that any of Liberty's infringement claims could

possibly arise out of any such activities.

> **(b)      Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC Have No Involvement with Lenovo Products in the United States and Must be Dismissed**

Lenovo (Shenzhen) and LCFC manufacture Lenovo products, but they have no

involvement with Lenovo products in the United States.  Lenovo (Shenzhen) and LCFC

manufacture the products in China and sell the products to other companies in China—

Lenovo PC HK and LC Future Center—according to their specifications and in response to

their purchase orders.  Ou Dec. ¶ 5, Liu Dec. ¶ 5.  Lenovo (Shenzhen) sells all Lenovo

products it manufactures to Lenovo PC HK, has no customers for Lenovo products other than

Lenovo PC HK, does not market or sell Lenovo products to any customer other than Lenovo

PC HK, and has no discretion regarding Lenovo PC HK's distribution of those products.  Ou

Dec. ¶ 5.  Similarly, LCFC sells all Lenovo products it manufactures to LC Future Center,

LCFC does not market or sell the Lenovo products it manufactures outside of China, LCFC

has no control over the distribution of Lenovo products outside of China, and LCFC has no

discretion over whether any Lenovo products it manufactures are sold in the United States.

Liu Dec. ¶ 5.

Lenovo (Shanghai)'s contacts with the United States or Texas are even more

attenuated.  Lenovo (Shanghai) used to manufacture Lenovo products, but was not the

manufacturer for any of the accused products identified in the Complaint that were imported

or sold in the United States.  Zhu Dec. ¶ 5.  Lenovo (Shanghai) has only sold products to

customers within China and has never exported any Lenovo products to the United States.

with great caution and not precipitately.") (internal citations omitted).

*Id.* ¶ 6.  Lenovo (Shanghai) does not market or sell Lenovo products outside of China, has no control over the distribution of any Lenovo products outside of China, and is not aware of having made and sold any of the accused products in China that were subsequently imported or sold in the United States.  *Id.* ¶¶ 5-6.

"'[A]ttenuated contacts'" such as these "do not satisfy the minimum contacts requirement."  *Blue Spike*, 2014 WL 11829323, at *2 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)).  Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC cannot be said to have purposely directed activities at residents of Texas where they do not engage in any sales, advertising or marketing efforts targeting Texas, and indeed have no discretion over where products they manufacture are sold.  *See Walden*, 571 U.S. at 291 ("[I]t is the defendant, not … third parties, who must create contacts with the forum State."); *Garnet Digital, LLC*, 893 F. Supp. 2d at 816 ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions.").  "The Court's focus is on [the defendant's] actions, not third-party customers."  *TriOptima,* No. 2:19-cv-00390-JRG, Dkt. No. 149 at p. 10 (E.D. Tex. Nov. 30, 2020), *citing Blue Spike*, 2014 WL 11829323, at *3.

Far from directing their activities at residents of Texas, the evidence demonstrates that Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC only sell to customers in China. Specific jurisdiction cannot arise based on such facts.  *See, e.g., TriOptima*, No. 2:19-cv-00390-JRG, Dkt. No. 149 at pp. 9-10 (E.D. Tex. Nov. 30, 2020) (no specific jurisdiction over Quantile where it had no customers in Texas, did not seek out business relationships in Texas, and did not purposefully direct its product to those in Texas).

18

### (c) Lenovo U.S. Operates Independently and Cannot Provide a Basis for Personal Jurisdiction Over the Lenovo Defendants

Lenovo U.S.—which is not even a direct subsidiary of any of the Lenovo Defendants—operates independently of each of the Lenovo Defendants.  Noble Dec. ¶ 7. None of the Lenovo Defendants have any involvement in the business activities and decisions of Lenovo U.S. pertaining to the sale, offer, for sale, marketing, use, or importation in the United States of any Lenovo products.  Mok Dec. ¶ 6, Zhu Dec. ¶ 7, Ou Dec. ¶ 6, Liu Dec. ¶ 6.  Lenovo U.S. also does not need the approval of any of the Lenovo Defendants with respect to those business activities. Mok Dec. ¶ 6, Zhu Dec. ¶ 7, Ou Dec. ¶ 6, Liu Dec. ¶ 6. Accordingly, there is no basis for Liberty to argue personal jurisdiction over any of the foreign Lenovo Defendants based on the business activities of Lenovo U.S.

Nor can Plaintiff impute Lenovo U.S.'s contacts to any of the Lenovo Defendants under the alter ego doctrine (or any other doctrine).   "The alter ego doctrine, like all variations of piercing the corporate veil doctrine, is reserved for exceptional cases," *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006).  Application of this doctrine requires Plaintiff to undertake an exhaustive 11-factor analysis.  *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996).[2]  The Complaint does not address any of these factors, let alone even mention Lenovo U.S. or identify any specific Lenovo entity in its jurisdictional allegations.  Compl. ¶ 26.  Plaintiff's

---

[2] The factors include whether: "(1) the parent and the subsidiary have common stock ownership; (2) the parent and the subsidiary have common directors or officers; (3) the parent and the subsidiary have common business departments; (4) the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiaries property as its own; and (11) the daily operations of the two corporations are not kept separate." *Id.*

omission is notable when considering its knowledge of Lenovo U.S. from previous cases

involving the same types of accused products, such as the *American Patents* litigation.

The Lenovo Defendants and Lenovo U.S. have ordinary corporate relationships.  Mok

Dec. ¶¶ 6-7, Zhu Dec. ¶ 7-8, Ou Dec. ¶¶ 6-7, Liu Dec. ¶¶ 6-7.  Accordingly, there are no

facts related to Lenovo U.S. that can be used to show that the foreign Lenovo Defendants

"purposefully directed" any activities toward Texas or the United States.  *Celgard, LLC v. SK

Innovation Co.*, 792 F.3d 1373, 1380 (Fed. Cir. 2015) ("[T]he 'unilateral activity of those

who claim some relationship with a nonresident defendant cannot satisfy the requirement of

contact with the forum State' because it is essential that the defendant take actions

purposefully availing him or her of the privileges and benefits of the forum state.") (quoting

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  *See also Hargrave v. Fibreboard Corp.*, 710

F.2d 1154, 1159 (5th Cir. 1983) ("a foreign parent corporation is not subject to the

jurisdiction of a forum state merely because its subsidiary is present or doing business

there").

Moreover, Lenovo U.S. is a wholly-owned subsidiary of Lenovo Holding Company,

Inc., which is not even a named defendant. Noble Dec. ¶ 7. At most, Lenovo U.S. is an

indirect subsidiary or affiliate of one or more of the Lenovo Defendants, and there is no

evidence of anything other than typical parent-subsidiary corporate relationships between any

of the Lenovo entities.  *See Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*, No. 2:15-

cv-2049-JRG, 2016 WL 6917272, at *4-5 (E.D. Tex. Sept. 1, 2016) ("[E]ven one hundred

percent ownership of a subsidiary is not a sufficient basis to disregard the corporate form.").

In sum, Plaintiff can point to no facts justifying an exception to the "general principle of

corporate law deeply ingrained in our economic and legal systems that a parent corporation

20

… is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

### 2.   Specific Jurisdiction Does Not Exist Under the Stream-of-Commerce Theory

The "stream of commerce" theory of specific jurisdiction contemplates "a nonresident defendant, acting *outside* the forum, plac[ing] in the stream of commerce a product that ultimately causes harm *inside* the forum."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 926 (2011) (emphasis in original).  But in patent infringement actions, this theory applies only in limited circumstances, not available here.

The Supreme Court has articulated two tests for specific jurisdiction under a stream of commerce theory.  The first test requires that the *defendant* place the accused products into the stream of commerce and be "aware that the final product is being marketed in the forum State."  *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 117 (1987) (Brennan, J., concurring in part and concurring in the judgment); *accord J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881-82 (2011).  The second test is the same as the first but additionally requires "an act of the defendant purposefully directed toward the forum State."  *Asahi*, 480 U.S. at 112 (O'Connor, J., plurality op.); *J. McIntyre*, 564 U.S. at 883.  The Federal Circuit has thus far not decided which test to adopt.  *See, e.g.*, *Polar Electro Oy v. Suunto Oy*, 829 F. 3d 1343, 1349-50 (Fed. Cir. 2016).

#### (a)   Lenovo Group Does Not Place Any Lenovo Products Into the Stream of Commerce

Lenovo Group cannot satisfy the most basic element of either *Asahi* test, because it has not placed any Lenovo products in the stream of commerce, period.  *See Asahi*, 480 U.S. at 112, 117.  The stream of commerce "refers to the movement of goods from manufacturers through distributors to consumers."  *J. McIntyre*, 564 U.S. at 881-82.  Lenovo Group does

not manufacture, sell, or distribute Lenovo products, nor does it import or ship Lenovo products into the United States.  Mok Dec. ¶ 8.  Having placed no Lenovo products into the stream of commerce, Lenovo Group cannot be "aware" of their products being sold in the United States, nor have they engaged in any additional act "purposefully directed" toward the United States.  *Asahi*, 480 U.S. at 112, 117. *See Nespresso USA, Inc. v. Ethical Coffee Co. S.A.*, 263 F. Supp. 3d 498 (D. Del. 2017) (finding no specific jurisdiction under stream of commerce theory where foreign defendant did not manufacture, distribute, import, or ship the accused products); *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) (same).

Based on similar evidence, the court in *3G Licensing, S.A. v. Lenovo Group Ltd.*, No. 17-cv-00084, 2019 WL 3974539, at *5 (D. Del. Aug. 22, 2019), *adopted by* 2019 WL 7635823 (D. Del. Sept. 19, 2019) dismissed plaintiff's claims against Lenovo Group for lack of personal jurisdiction.  The court, in rejecting plaintiff's stream of commerce theory, credited the statements of Lenovo Group's declarant, who confirmed that "Lenovo Group is simply a 'holding company[,]' and that it 'does not import or ship any products into the United States, nor does [it] manufacture, sell, or offer for sale any products in the United States[,]' … because it 'has no operations [and] does not develop, manufacture, sell, distribute, or export any products' at all."  *Id.* at *6.  Notably, the court found these statements "clear and appear to leave no room for ambiguity" and therefore compelled the conclusion that "Lenovo Group does not intend to (nor, in fact, does it) place the accused products into the United States (and Delaware) markets."  *Id.*  The same evidence has been presented here on behalf of the Lenovo Group.

Accordingly, Lenovo Group is not subject to specific jurisdiction under a stream of

commerce theory.

**(b)** **Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC Are Also Not Subject to Specific Jurisdiction Under a Stream of Commerce Theory**

As noted above, the Supreme Court and Federal Circuit have not decided whether the stream of commerce theory requires only "aware[ness] that the final product is being marketed in the forum State," *Asahi*, 480 U.S. at 117 (Brennan, J., concurring), or also "an act of the defendant purposefully directed toward the forum State," *id.* at 112 (O'Connor, J., plurality op.).  Lenovo (Shanghai) lacks knowledge of any accused products being imported or sold in the United States that were manufactured and sold by Lenovo (Shanghai).  Lenovo (Shenzhen) and LCFC do not contest their awareness that Lenovo products that they manufacture are marketed by Lenovo U.S. throughout the United States.  But as to all three foreign entities, it is Lenovo U.S. that acts as the sole marketer, seller, and importer in the United States; Lenovo U.S. purchases Lenovo products from entities <u>other than</u> Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC; and none of those foreign entities have any discretion or control over whether the products they manufactured and sell are subsequently imported into the United States.  Accordingly, it cannot be concluded that any of Lenovo (Shanghai), Lenovo (Shenzhen) or LCFC "purposefully direct" any of its activities toward Texas.

More fundamentally, application of the stream of commerce theory under the circumstances to support specific jurisdiction over any of Lenovo (Shanghai), Lenovo (Shenzhen) and LCFC would violate the Due Process Clause.  In *Silicon Laboratories, Inc. v. Cresta Technology Corp.*, No. A-14-CA-318-SS, 2014 WL 3530817 (W.D. Tex. July 14, 2014), plaintiff asserted a stream of commerce theory against a nonresident corporation on the basis that it sold the infringing chip to manufacturers, "which in turn sells finished

products in major national retail stores." *Id.* at *3.  The court rejected this argument as it would render meaningless the Due Process Clause.  "***The logic of [plaintiff's] theory would subject [defendant] to personal jurisdiction in all fifty states by virtue of [the manufacturer's] conduct***. … Texas's connection to this litigation is no more direct than Washington's or North Dakota's or Vermont's."  *Id.* at *3-4 (emphasis added).  In holding that there was no personal jurisdiction, the court noted that "[i]f the Due Process Clause means anything in the personal jurisdiction context, it must impose real limits on jurisdiction based on the flow of goods in an increasingly fluid and globalized economy."  *Id.* at *4.

Similarly, in *Auto Wax Co. v. Kasei Kogyo Co.*, No. A 00-531 SS, 2001 WL 1891719 (W.D. Tex. Sept. 26, 2001), the court rejected the argument that the Japanese defendant's shipment of the accused product to a U.S. distributor would confer specific jurisdiction under the stream of commerce theory because doing so would violate the Due Process Clause.  *Id.* at *1.  "[W]ere the Court to find sufficient contacts to establish jurisdiction over [the defendant], any court in the United States where [the U.S. distributor] sold the [accused] products, where [the U.S. distributor's] buyers then re-sold the products, and so on, would have jurisdiction, until the stream of commerce became one interconnected ocean watering the Due Process Clause down to nothing."  *Id.* at *3; *see also Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *5-6 (W.D. Tex. Mar. 19, 2014) (finding no specific jurisdiction where patentee's stream of commerce theory "would allow the exercise of personal jurisdiction in every state, not just Texas").

Any stream of commerce theory applied to LCFC, Lenovo (Shanghai), or Lenovo (Shenzhen) would be no more directed to Texas than to any other state.  As such, it would violate the Due Process Clause and should be rejected.

(c)     The Lenovo Defendants' Affiliation With Lenovo U.S. Is
        Insufficient to Give Rise to Specific Jurisdiction Under a
        Stream of Commerce Theory

Plaintiff may argue that the Lenovo Defendants place the accused products into the

stream of commerce by virtue of their affiliation with another entity, such as Lenovo U.S.

But a U.S. entity introducing the accused product into the stream of commerce is insufficient

to show personal jurisdiction over a *foreign* affiliate.  In *Nespresso*, for example, the court

rejected the argument that the Swiss defendants could be held responsible for the actions of

their U.S. subsidiary, finding that "mere ownership of a subsidiary does not justify the

imposition of liability on the parent."  263 F. Supp. 3d at 504.  Rather, the plaintiff must

"demonstrate that Nestlé and Nestec [Swiss defendants] were responsible for introducing the

Nespresso machines [accused products] into the stream of commerce, and not simply that a

subsidiary within the United States introduced the Nespresso machines."  *Id.* (dismissing for

lack of personal jurisdiction).

Like the Swiss defendants in *Nespresso*, the Lenovo Defendants are not responsible

for introducing the accused products into the U.S. or Texas markets.  Lenovo Group does not

manufacture, sell, import or distribute the products at all, while Lenovo (Shanghai), Lenovo

(Shenzhen) and LCFC exclusively sell the products they manufacture to customers in China.

Mok Dec. ¶ 8, Zhu Dec. ¶ 6, Ou Dec. ¶ 5, Liu Dec. ¶ 5.  Lenovo (Shanghai), Lenovo

(Shenzhen) and LCFC have no discretion or control over whether the products are

subsequently sold in the United States.  Zhu Dec. ¶ 6, Ou Dec. ¶ 5, Liu Dec. ¶ 5.  As Plaintiff

is aware, responsibility for importing the accused products, marketing the accused products,

and selling the accused products in the United States falls squarely and exclusively on

Lenovo U.S.  Noble Dec. ¶ 6.

Nor can Plaintiff show that the Lenovo Defendants place the accused products into

the stream of commerce because they "intend" for the products to be sold in the United States by a subsidiary.  The court in *Univ. of Mass. Med. School* rejected this very argument, where plaintiff alleged that the French defendant "intends for its products to be sold in the United States through its subsidiary L'Oréal USA."  2018 WL 5919745, at *10.  In particular, the court found that the French defendant was "not responsible" for introducing the accused products into the stream of commerce, as the U.S. subsidiary, L'Oréal USA, sold the accused products.  *Id.*  Accordingly, the court found that "L'Oréal S.A.'s corporate structure is not sufficient to establish personal jurisdiction under the stream of commerce theory."  *Id.* (dismissing for lack of personal jurisdiction); *Good Sportsman Mktg. LLC v. Li & Fung Ltd.*, No. 07-cv-00395, 2010 WL 11531174, at *4 (E.D. Tex. May 12, 2010), *adopted by* 2010 WL 11531260 (E.D. Tex. June 22, 2010) (rejecting plaintiff's stream of commerce theory and dismissing for lack of personal jurisdiction where defendant's subsidiaries "are the only entities responsible for the manufacture, distribution and sale of the accused products.").

The present situation is no different.  Lenovo U.S. is responsible for all U.S. activities relating to Lenovo products, including the accused products.  Noble Dec. ¶ 6.  None of the Lenovo Defendants have any involvement in the business activities and decisions of Lenovo U.S. pertaining to the sale, offer for sale, marketing, use, or importation in the United States of any Lenovo products.  Mok Dec. ¶ 6, Zhu Dec. ¶ 6, Ou Dec. ¶ 6, Liu Dec. ¶ 6.  There is no basis for finding specific jurisdiction over the foreign Lenovo Defendants based on the independent activities of Lenovo U.S. or any other Lenovo affiliates.

### 3.    The Assertion of Personal Jurisdiction Would Be Neither Reasonable Nor Fair

Notwithstanding Plaintiff's failure to satisfy the first two prongs of specific jurisdiction, this Court should also decline to exercise personal jurisdiction because it would

be neither fair nor reasonable to force the Lenovo Defendants—foreign holding companies and foreign manufacturers who only sell products outside the United States—to litigate Plaintiff's claims in this forum.  The determination of this third factor regarding traditional notions of fair play and substantial justice involves balancing: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and (5) the interest of the states in furthering their social policies.  *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996).

These factors weigh against finding specific jurisdiction because this dispute centers on the activities of Lenovo U.S.—the entity that Liberty omitted from this case because joining Lenovo U.S. as a defendant would defeat venue.  Lenovo U.S. is solely responsible for *all* U.S. activities related to Lenovo products, including importing, pricing, marketing, and selling Lenovo products in the United States.  Noble Dec. ¶ 6.  Neither the parties nor the State of Texas have any interest in forcing the Lenovo Defendants to litigate in this District, let alone an interest that would outweigh the considerable burden not only on the Lenovo Defendants, but also on the Court, the witnesses, and even Plaintiff.

Even assuming for the purposes of this motion that the Lenovo Defendants have witnesses with information relevant to this litigation, the 30(b)(6) depositions of the Lenovo Defendants and the deposition of any of its employees would have to be taken in China.  *See Motion Games, LLC v. Nintendo Co.*, No. 6:12-cv-878-JDL, 2014 WL 5306961, at *3 (E.D. Tex. Oct. 16, 2014) ("[T]he general rule [is] that a corporation's designees be deposed at or near the corporation's principal place of business.") (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

Further, Plaintiff has no genuine interest in litigating this lawsuit in Texas.  Liberty Patents LLC was incorporated less than one year before filing the instant lawsuit and its corporate filings indicate an address and principal shared by at least one other patent assertion entity.  Benson Dec. ¶¶ 2, 4, Exs. 1, 3.  Plaintiff has no website and it is unclear whether Plaintiff has any employees or any actual place of business, apart from Mr. Rowan's law offices.  Benson Dec. ¶ 2, Ex. 1.  In short, the entity Liberty Patents LLC appears to have been created solely for purposes of litigation, and any local interest therefore is minimal.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding plaintiff's interest entitled to no weight where its "presence in Texas appears to be recent, ephemeral, and an artifact of litigation").

Finally, exercising jurisdiction over the Lenovo Defendants based on the activities of Lenovo U.S. would be unreasonable and unfair because doing so would only further promote Plaintiff's attempts to circumvent *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) and its progeny.  Indeed, in the *American Patents* suit, Plaintiff and its counsel all but conceded that venue as to Lenovo U.S. is improper in Texas:

| THE COURT: | I am curious why when Lenovo is telling you that you can sue another Lenovo entity, why you would be uninterested in doing that. |
|---|---|
| MR. THOMPSON: | Your Honor, we're not uninterested in suing Lenovo U.S., but we do have a case involving several other defendants on the same technology for you in this Court. |
| THE COURT: | Right. |
| MR. THOMPSON: | And Lenovo U.S. very likely will have a defense under the *TC Heartland* for improper venue, and, you know, Ms. Yip reserved that. |
| THE COURT: | Right. |
| MR. THOMPSON: | And so the question about going after Lenovo U.S. is that we would not potentially be able to do it in this Court. |
| THE COURT: | I get that. |
| MR. THOMPSON: | Which would, you know, worsen judicial economy … |

*Am. Patents, LLC v. MediaTek, Inc.*, No. 18-cv-00339, Dkt. No. 113 at 25:24 – 26:23 (W.D. Tex. May 30, 2019).  Plaintiff's attempt to circumvent jurisdiction requirements to forum shop and manipulate venue is neither reasonable nor fair.  *See In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) ("The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation.").  Lenovo U.S. has filed a declaratory judgment action for non-infringement in the Eastern District of North Carolina, the forum that has the greater interest in this dispute, and the issues ought to be decided there.

## V.   THE COURT SHOULD DISMISS LIBERTY'S COMPLAINT AS TO LENOVO (SHANGHAI) AND LCFC FOR LACK OF PROPER SERVICE

The Court also lacks personal jurisdiction over Lenovo (Shanghai) and LCFC because they were not properly served.  *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service … must be satisfied.").  Liberty attempted to serve Lenovo (Shanghai) and LCFC through substitute service on the Texas Secretary of State, *see* Dkt. Nos. 11-3, 11-4, but that substitute service is ineffective because these defendants are foreign corporations located in China, a Hague Convention signatory that objected to service by mail.

Service of corporations abroad is governed by Federal Rule of Civil Procedure 4(f).  See Fed. R. Civ. P. 4(f), 4(h).  Moreover, when the destination country is a signatory—as is China— the Hague Service Convention applies whenever "there is occasion to transmit a judicial or extrajudicial document for service abroad" and "pre-empts inconsistent methods of service prescribed by state law."  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1998).  And "in cases governed by the Hague Service Convention, service by mail is permissible if . . . the receiving state has not objected to service by mail."  *See Water Splash, Inc.*

29

*v. Menon*, 137 S. Ct. 1504, 1513 (2017).

Here, Liberty has attempted to serve Lenovo (Shanghai) and LCFC, both located in China, through the Texas Secretary of State.  *See* Dkt. Nos. 11-3, 11-4.  Texas law requires that the Secretary of State send notice of service of process to a nonresident defendant via registered mail.  See Tex. Civ. Prac. & Rem. Code § 17.045(a).  Thus "[b]ecause the Secretary must mail the notice to Mexico [and China], this transmittal of service documents abroad implicates the Hague Convention and its requirements."  *See Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-0172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005).  But China has objected to service via mail, *Rice v. Electrolux Home Prod., Inc.*, No. 4:15-CV-00371, 2018 WL 4964076, at *5 (M.D. Pa. Oct. 15, 2018), thus service by mail on Lenovo (Shanghai) and LCFC is not permitted by the Hague Service Convention.  *See Water Splash*, 137 S. Ct. at 1513.  Accordingly, Liberty's attempt at service through the Texas Secretary of State is insufficient.  *See Alternative Delivery*, 2005 WL 1862631, at *2 (noting that service on a Mexican defendant "via the Texas Secretary of State is insufficient because it requires service by mail"); *Axford Consulting, L.P. v. Foster Jordan, LLC*, No. H-09-1899, 2009 WL 10711347, at *9 (S.D. Tex. Sept. 24, 2009) (finding service via the Secretary of State did not "comply with the requirements of the Hague Convention").  Lacking proper service, the Court has no jurisdiction over Lenovo (Shanghai) and LCFC and must dismiss the allegations against them.  *See Omni Capital*, 484 U.S. at 104; Fed. R. Civ. P. 12(b)(5).

## VI.    CONCLUSION

For the foregoing reasons, the Lenovo Defendants respectfully request that the Court grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and insufficient service of process under Rule 12(b)(5).

Dated:  January 5, 2021

Respectfully submitted,

By: */s/  Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Robert Benson (CA Bar # 155971)
LEAD ATTORNEY
rbenson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Tel:  (949) 567-6700
Fax:  (949) 567-6710

*Counsel for Defendants Lenovo Group*
*Ltd., Lenovo (Shanghai) Electronics*
*Technology Co., Ltd., Lenovo Information*
*Products (Shenzhen) Co. Ltd., and LCFC*
*(Hefei) Electronics Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 5, 2021, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  This motion was served on all counsel by electronic filing.

*/s/Eric H. Findlay*
Eric H. Findlay